IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JAMES WORTHEM, #587619,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 12−cv−619−MJR |
| | ) |
| **VINCENT A. BANKS, III,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, currently incarcerated at Dodge Correctional Center, has brought this *pro se* civil complaint, allegedly pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346, et seq. Plaintiff claims that Vincent A. Banks, an attorney appointed to represent Plaintiff in a 42 U.S.C. § 1983 civil rights case in this district, failed to properly represent him in his failure to protect case by failing to amend his complaint to add the proper defendants and failing to obtain adequate discovery. Specifically, Plaintiff argues that Banks failed to depose defendants or send out any interrogatories. Banks failed to obtain any discovery or return any of the letters that Plaintiff wrote to him. Plaintiff also notes that when defendants filed a summary judgment motion in this case, Banks did not contact him or talk with him about the motion and failed to file a responsive pleading. Banks eventually responded to the Court's show cause order by indicating that he conceded that defendants in the case were entitled to summary judgment on the issue of exhaustion even after defendants had conceded that Plaintiff had exhausted his administrative remedies.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. On review, the Court shall identify cognizable claims or dismiss any portions of the complaint that are frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant with immunity. 28 U.S.C. § 1915A(b). The Court first notes that Plaintiff has improperly labeled his claim as one under the Federal Torts Claims Act. While Plaintiff checked the box on his complaint, marking the case as a Federal Torts Claims Act, Plaintiff's claim is clearly a legal malpractice claim brought under Illinois law against an attorney who represented Plaintiff in this district previously. It is not a Federal Torts Claims Act, nor does Plaintiff's claim appear to be one filed under *Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).[1] In fact, Plaintiff fails to allege any claim cognizable under federal law. Instead, Plaintiff's sole claim is his legal malpractice claim under Illinois common law against Vincent Banks. The elements of legal malpractice claim in Illinois are "an attorney-client relationship, a duty arising from that relationship, a breach of that duty, and actual damages or injury proximately caused by that breach." **Hays v. Cave, 446 F.3d 712, 714 (7th Cir. 2006).** Although Plaintiff is suing attorney Banks over representation that he provided Plaintiff in federal court, "[n]othing in federal law prevents a disappointed litigant in a federal case from suing his lawyer under state malpractice law." *Id.* The Court, therefore, has no original jurisdiction over the case and it does not appear

---

[1] Even if Plaintiff was proceeding under *Bivens*, his claim would not be proper in this Court. It is well-settled that an indigent may not sue his attorney for legal malpractice in a federal civil rights suit, even if that attorney was appointed by a federal court or even paid for his services by the federal government. *See Paige v. Justus*, 2007 WL 773384, at *1, Case No. 06-CV-902-DRH (S.D. Ill. March 12, 2007) (citing *Haley v. Walker*, 751 F.2d 284, 285 (8th Cir. 1984) ("By analogy [to *Polk County v. Dodson*], an attorney appointed by a federal court is not a federal officer for purposes of a Bivens-type action.")).

from the plain language of Plaintiff's complaint that the Court has diversity jurisdiction in this case.

Nor is this Court able to exercise supplemental jurisdiction over Plaintiff's claim. Where a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008). "A loose factual connection is generally sufficient." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.,* 72 F.3d 1294, 1299 (7th Cir. 1995)). Here, the Court has no original jurisdiction over Plaintiff's claim as his sole claim is a state common law claim. Thus, the Court cannot exercise supplemental jurisdiction over the claim in Plaintiff's Complaint.

## DISPOSITION

Accordingly, the Court **DISMISSES without prejudice** Plaintiff's complaint for lack of jurisdiction. The Clerk of Court is **DIRECTED** to enter Judgment in favor of Defendant Vincent A. Banks and against Plaintiff James Worthem.

**IT IS SO ORDERED**.

DATED: August 14, 2012.

*/s/ Michael J. Reagan*
MICHAEL J. REAGAN
United States District Judge